UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GERALD D. ENQUIST,<br><br>    Petitioner,<br><br> v.<br><br>STATE OF WASHINGTON,<br><br>    Respondent. | CASE NO. C12-5529 RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: JULY 13, 2012 |

  The District Court referred this petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, to United States Magistrate Judge J. Richard Creatura. The authority for the referral is found in 28 U.S.C. § 636(b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner has served his entire sentence and he has been released. He brings this habeas corpus petition to challenge the constitutionality of Washington State's Sex Offender Registration Act (ECF No. 1).

The Court recommends that this petition be dismissed prior to service or the Court calling for an answer because the Court lacks jurisdiction to consider the petition. Habeas Corpus petitioners must be in custody at the time the petition is filed. The in custody requirement is jurisdictional. 28 U.S.C. § 2241(c).

In a controlling case the Ninth Circuit examined Washington State's sex offender registration act and held that sex offender registration did not satisfy the "in custody" requirement for habeas corpus. <u>Williamson v. Gregoire</u>, 151 F.3d 1180 (9th Cir. 1998). The case is controlling precedent on this issue in this Court.

Petitioner argues that <u>Williamson v. Gregoire</u>, is not binding on him because he is homeless and must report weekly to the County Sheriff's Office. Petitioner is in error, the burden placed on him does not prevent travel or movement. He must simply report weekly to the Sheriff's Office in whatever county he is in. <u>Washington v. Enquist</u>, 163 Wn. App. 41, 50-51 (Wash. App. 2011). Petition is not in custody for the purpose of habeas corpus and the Court recommends that this petition be dismissed prior to service for lack of jurisdiction.

## Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C.§ 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only if a petitioner has made "a substantial showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003) (*citing* <u>Slack v. McDaniel</u>, 529 U.S. 473, 484

1 (2000)). Pursuant to this standard, this Court concludes that petitioner is not entitled to a
certificate of appealability with respect to this petition.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. <u>See</u> <u>also</u> Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on July 13, 2012, as noted in the caption.

Dated this 22nd day of June, 2012.

J. Richard Creatura
United States Magistrate Judge